**REGENT ASSISTED LIVING, INC., d/b/a Sunshine Villa, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 05–1185, 05–1228.

United States Court of Appeals, District of Columbia Circuit.

March 2, 2006.

David Scott Durham, Denise Barton Ward, Littler Mendelson, San Francisco, CA, for Petitioner.

Robert J. Englehart, Attorney, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Meredith L. Jason, Attorney, Daniel Arthur Blitz, Kellie J. Isbell, General Counsel, Washington, DC, for Respondent.

Before: BROWN and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## *JUDGMENT*

### PER CURIAM

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("NLRB" or "Board"), and was briefed by counsel. It is

**ORDERED** and **ADJUDGED**, by this Court, that the petition for review is hereby denied, and the Board's cross-application for enforcement is granted.

On May 28, 2004, Local 415, Service Employees International Union, AFL–CIO ("Union"), filed a petition with the Board seeking to represent the service and maintenance employees at Regent Assisted Living, Inc. d/b/a Sunshine Villa ("Regent"). Regent and the Union entered a stipulated agreement to hold a secret-ballot election on July 9, 2004. With 48 of 51 eligible voters casting ballots, the employees voted 35 to 8 (with 5 non-determinative challenged ballots) in favor of Union representation. Regent filed objections, claiming that the election should be set aside, because (1) the Union violated § 8(g) of the National Labor Relations Act ("Act"), 29 U.S.C. § 158(g) (2000), when it held a rally without prior notice nine days before the election, and (2) two Union representatives

engaged in unlawful "electioneering" by talking with two or three Regent employees while the polls were open. The Board rejected Regent's claims, adopting the regional director's and hearing examiner's findings and recommendations upholding the representation election. *See Renaissance Senior Living Mgmt., Inc.,* No. 32–RC–5262 (Oct. 29, 2004), Joint Appendix ("J.A.") 281; *Renaissance Senior Living Mgmt., Inc.,* No. 32–RC–5262 (Sept. 29, 2004), J.A. 279. Regent then refused to bargain with the Union and a complaint was issued, charging the company with violations of §§ 8(a)(1) and (5) of the Act.

Acting on the refusal-to-bargain charge, the Board granted summary judgment to the general counsel, finding that Regent had indeed violated the Act in failing and refusing to bargain with the Union as the exclusive representative of employees in the appropriate unit. *Regent Assisted Living, Inc. d/b/a Sunshine Villa,* 344 N.L.R.B. No. 88, 2005 WL 1304455 (May 27, 2005). In petitioning for review, Regent acknowledges its refusal to bargain, but contends that the Board erred in declining to block or set aside the election on the grounds alleged by Regent in its initial objections to the Board. We reject Regent's petition as meritless.

■ Regent claims that, because any "conduct which violates the Act is, *a fortiori,* conduct which interferes with an election," Br. of Petitioner at 25, the Board erred in failing to set aside the election to determine the effects of the Union's alleged violation of § 8(g). This argument misconceives the relevant law. The Board has long held that "only those unfair labor practices which pose a threat of 'restraint and coercion of employees' can logically serve as a ground for setting aside an election." *Ara Living Ctrs. Co.,* 300 N.L.R.B. 888, 888, 1990 WL 250760 (1990) (quoting *Holt Bros.,* 146 N.L.R.B. 383, 384, 1964 WL 15697 (1964)). It is true that the Board has found that many § 8(a)(1) violations, 29 U.S.C. § 158(a)(1), interfere with the fair conduct of representation elections. *See Airstream, Inc.,* 304 N.L.R.B. 151, 152, 1991 WL 166055 (1991) ("A violation of Section 8(a)(1) found to have occurred during the critical election period is, *a fortiori,* conduct which interferes with the results of the election unless it is ... *de minimis."*). However, the Board has also made it clear that, unlike § 8(a)(1) violations, § 8(g) violations "ha[ve] no significant connection with the restraint and coercion of employees." *Ara Living Ctrs.,* 300 N.L.R.B. at 888. In this case, the Board reasonably held that the Union's alleged § 8(g) violation did not in any way interfere with, restrain, or coerce employees in the exercise of their § 7 rights.

■ Regent's claim that the election should have been set aside because of impermissible electioneering by Union officials is equally unavailing. The alleged encounters between two Union representatives and two or three employees were neither "prolonged conversations," nor did they involve "voters waiting to cast ballots." *See Milchem, Inc.,* 170 N.L.R.B. 362, 362, 1968 WL 18776 (1968). And, most significantly, in the context of the 35–8 vote in favor of the Union, a potential *Milchem* violation involving at most three employees is hardly sufficient to warrant setting aside the election. *See Mead Corp.,* 189 N.L.R.B. 190, 190, 1971 WL 31886 (1971) (finding that in the context of a 56–50 vote for the union, alleged unlawful electioneering involving only one voter was insufficient to warrant setting aside the election). The Board clearly did not err in rejecting Regent's claim of impermissible electioneering by the Union.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C. Cir. Rule 41.